**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert John Adkins,<br>　　　　　Petitioner,<br>v.<br>Lance Hetmer, et al.,<br>　　　　　Respondents. | No. CV-19-08325-PCT-JAT<br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 12). Petitioner, through counsel, file objections to the R&R. (Doc. 13). Respondents replied to the objections. (Doc. 14).

**I.     Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)).

An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014)

(internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted).

When applying these standards, the federal court should review the "last reasoned decision" by a state court. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II.     Factual and Procedural Background

The R&R recounts the factual and procedural background of this case extensively. (Doc. 12 at 2-5). Neither party specifically objected to this recounting and the Court hereby accepts it. In very short summary, Petitioner was convicted by a jury and sentenced to 20 years in prison for second degree murder and five years in prison for vulnerable adult abuse, to be served concurrently, due to Petitioner's role in the death of his roommate. (Doc. 12 at 3).

The Court notes that at the end of his objections, Petitioner lists 5 "facts or omissions" to which he objects. (Doc. 13 at 6). Petitioner does not cite where these "facts" or "omissions" are found in the R&R or in the state court record. Petitioner makes no argument as to how these facts or omissions are relevant to the claims in his Petition. By way of example, one of the objections is, "Adkins contends that on the day of the incident he had flip flops on, not sneakers." (*Id.*). As discussed below, in the Petition before this Court, Petitioner argues ineffective assistance of counsel. As far as the Court can determine, Petitioner's claims in the Petition have no nexus to Petitioner's shoes on the day in question. Further, the R&R does not make a factual finding regarding Petitioner's footwear. Evidence regarding blood on Petitioner's sneakers was presented at the state court trial, but it does not appear the state court made a "factual finding" on this issue either. *See* 28 U.S.C. § 2254(e)(1). Thus, the Court cannot locate a "finding" in the R&R to which

1  this purports to object, nor a finding by the state court to which this objection purports to
2  argue deference is inappropriate, nor can the Court ascertain the relevance of this objection
3  to the claims in the Petition. Further, Petitioner making a "contention" without any
4  evidence would not be sufficient to overcome a state court finding if such a finding existed
5  and was relevant. Thus, these five "objections" to "facts or omissions" are overruled
6  because Petitioner has not articulated any basis for such objections.

### III. Claims in the Petition

Petitioner argues ineffective assistance of counsel in his Petition in this case. Petitioner has four factual predicates underlying his ineffective assistance of counsel claim: "(1) failure to preserve the deceased victim's body for examination; (2) failure to present expert testimony to refute the testimony of the medical examiner; (3) failure 'to investigate mitigating evidence' of other blood stains in the victim's residence; and (4) 'undermining' Petitioner's case in closing argument." (Doc. 12 at 5).

The R&R recounts the law governing ineffective assistance of counsel claims. (Doc. 12 at 12). Neither party objects to this recounting of the governing law and the Court hereby accepts it. In summary,

> To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Strickland Washington*, 466 U.S. 668, 692, 694 (1984). The proper measure of attorney performance is objective reasonableness under prevailing professional norms. *Id*. at 688. Prejudice means that the error actually had an adverse effect on the defense and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 693-694.

*Barkley v. Lizarraga*, No. 2:15-CV-0655 JAM AC, 2021 WL 779988, at *8 (E.D. Cal. Mar. 1, 2021).

### A. Unexhausted Claims

The R&R concludes that grounds one and four are procedurally defaulted without excuse and, therefore, this Court should not reach the merits of those theories of ineffective assistance of counsel. (Doc. 12 at 10). The R&R recounted the law governing exhaustion in state court. (Doc. 12 at 5-7). Neither party objected to this recounting of the law and

- 4 -

the Court hereby accepts it.

With respect to whether grounds one and four are exhausted, in his objections, Petitioner starts with the conclusion that these claims are exhausted. (Doc. 13 at 1). However, Petitioner makes no argument as to when or how they were exhausted in the state courts. (Doc. 13 at 1-4). Petitioner instead appears to argue indirectly that he should be excused from exhaustion under *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) because grounds one and four are substantial. (Doc. 13 at 4). The Court finds that grounds one and four are unexhausted and accepts the R&R on this point. (*See* Doc. 12 at 10-11)

Next, the Court will consider whether these claims are substantial such that they should be excused from exhaustion under *Martinez*.

### 1. Ground One

Petitioner's first theory of ineffective assistance of counsel is that his counsel was ineffective for failing to preserve the victim's body for independent medical testing. (Doc. 12 at 10). The R&R concludes that this claim is not substantial because Petitioner fails to offer anything beyond speculation as to what this evidence, if preserved, might have revealed. (Doc. 12 at 12-13). Thus, the R&R concludes that Petitioner cannot show through speculation that he was prejudiced (as required under *Strickland*) by his counsel's failure to preserve this evidence. (Doc. 12 at 13 (citing *Djerf v. Ryan*, 931 F.3d 870, 883 (9th Cir. 2019)). As the R&R recounts, in *Djerf* the Court of Appeals noted that "counsel's failure to investigate, develop, and present additional mental health evidence was not prejudicial" because such "speculation rarely creates a 'reasonable probability' that a different result would have occurred absent the purportedly deficient representation."

In his objections, Petitioner frames this claim that trial counsel was ineffective as based on trial counsel's failure to preserve evidence by failing to preserve the decedent's body for testing. (Doc. 13 at 2-3). However, the duty to preserve evidence in the state's possession falls on the state, not the defendant's lawyer. *See e.g. United States v. Krumwiede*, No. 3:18-CR-00274-IM, 2020 WL 6479280, at *2 (D. Or. Nov. 3, 2020). And, this duty arises when such evidence may have been exculpatory. *Id*. Here, however, the

- 5 -

evidence was examined and tested by the state and the state's witness found the evidence showed Petitioner's guilt. (Doc. 12 at 12). Thus, the state did not violate a duty to preserve evidence. Petitioner cites nothing in support of his objection. Moreover, the Court has found nothing that requires the state to preserve a body indefinitely (at this point over seven years and counting) in the event future counsel wishes to perform further tests.

In reality, Petitioner must be arguing that his counsel was ineffective for failing to independently test the evidence before or during the trial. Courts in this circuit have addressed such a claim in similar circumstances. For example,

> [C]ontrary to Petitioner's assertions, he is not entitled to DNA testing to prove ineffective assistance of counsel under *Jones v. Woods*, 114 F.3d 1002 (9th Cir. 1997). In *Jones*, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing, in part, ineffective assistance of counsel. *Id*. at 1007. Petitioner argued, in pertinent part, that counsel's failure to investigate blood and hair evidence linked to the murder of his wife amounted to ineffective assistance where the petitioner continually insisted that he was innocent, he knew the identity of the actual murderer, and he would be exonerated if his attorney had conducted forensic testing on blood from petitioner's jeans and foreign hairs found on his deceased wife. *Id*. at 1005–6, 1010–11. The *Jones* court held that counsel's failure to investigate amounted to ineffective assistance and prejudiced the petitioner. *Id*. at 1011. However, *Jones* is distinguishable from the instant case for several reasons. First, the blood and hair evidence in *Jones* was never tested. Here, the San Diego Sheriff's Office conducted a DNA test on the black hoodie, gloves, mask, and gun, the results of which linked Petitioner to some of those items. Second, Petitioner does not establish prejudice as was established by the *Jones* petitioner. In *Jones*, the petitioner proved prejudice because testing the evidence could have proven that the blood found on petitioner was not his wife's blood and foreign hairs on the wife's body came from a different man. The court found that there was a reasonable probability that this evidence would have changed the outcome of the petitioner's trial. *Id*. at 1010–13. Here, there is no prejudice. Even assuming arguendo a DNA re-test would establish that the items in question were cross-contaminated, Petitioner has not shown the reasonable probability that this would have changed the result of his proceeding, especially considering the significant, additional evidence linking Petitioner to the charged crimes.

*Edwards v. Miller*, No. 14CV0429 JAH(KSC), 2016 WL 3092088, at *21 (S.D. Cal. June 2, 2016), aff'd, 756 F. App'x 680 (9th Cir. 2018).

This case is substantially similar to *Edwards*. First, the evidence in this case was in fact tested by the state; thus, there is no reason to believe defense tests would be different. (Doc. 12 at 12). Second, there was substantial other evidence of Petitioner's guilt. (Doc. 12 at 2-3). Finally, Petitioner's does not even argue what this evidence would show, thus

- 6 -

making his argument even more specious that mere speculation; it is a pure fishing expedition.

For all of these reasons, Petitioner has failed to show that ground one is substantial under *Martinez*. Thus, ground one is unexhausted, without excuse, and relief on this claim will be denied.

The Court notes Petitioner also adds a footnote alleging judicial misconduct and prosecutorial misconduct, without any citations to the state court record or any relevant law. (Doc. 13 at 3 n.1). In the response, Respondents note that none of these claims were raised in the Petition, and thus the objections must effectively be an attempt to amend the Petition to add additional claims. (Doc. 14 at 2). As Respondents further note, this Court has discretion to deny leave to amend at this stage of the case. (*Id*. citing *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002)). To the extent the Court should liberally construe counsel's additional arguments as an effort to amend the Petition and add additional claims, the Court exercises its discretion to deny that request. The additional arguments are presented with no legal support and no argument as to how they would entitle Petitioner to habeas relief. As a result, amendment to consider these arguments would be futile because on this record they have no support.

### 2.   Ground 4

Again, the R&R recommends that this Court find that ground four is unexhausted without excuse. In ground four, Petitioner argues ineffective assistance of counsel based on his theory that his counsel undermined his credibility in closing arguments. (Doc. 12 at 10). The R&R concludes that ground four is not substantial under *Martinez* because counsel's closing argument aided Petitioner's defense. (Doc. 12 at 13-14).

Petitioner objects to this conclusion and argues ground four is substantial because counsel's closing argument in Petitioner's opinion contradicted Petitioner's testimony. (Doc. 13 at 3-4). This Court has reviewed the reasoning of the R&R and agrees with the R&R that Petitioner's counsel's closing argument pointed out that Petitioner could have chosen to not call the police or cooperate with the police and, instead, his cooperation was

evidence of his lack of guilt. (Doc. 12 at 13-14). This Court agrees with the R&R that this was not a "ineffective" argument under *Strickland*. Petitioner's objection is overruled.

Accordingly, this Court finds this claim is not substantial such that it should be excused from exhaustion under *Martinez*. Thus, ground four is unexhausted, without excuse, and relief on this claim will be denied.

**B.   Exhausted Claims**

**1.   Ground 2**

In ground two, Petitioner argues that "trial counsel's performance was deficient when [counsel] failed to present the defense's medical expert's testimony to mitigate or otherwise cast doubt on the prosecution's case." (Doc. 12 at 14 quoting Doc. 1-2 at 8). This claim was exhausted in state court and the state court concluded trial counsel's performance was not deficient. (Doc. 12 at 14-15). The R&R concludes that the Arizona court's decision was not contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable determination of the facts. (Doc. 12 at 15). Thus, the R&R recommends that this Court deny relief on this claim. (Doc. 12 at 16).

Petitioner objects (Doc. 13 at 4) and argues that the state court was unreasonable in accepting trial counsel's affidavit (Doc. 12 n.2) in which he explained his strategic decision for not calling the retained defense expert. Instead, Petitioner argues, without citation to any evidence or law, that trial counsel refused to call the retained defense expert to retaliate against Petitioner for filing a bar complaint against him. (Doc. 13 at 4).

There is no evidence in the record to support Petitioner's version of the facts. Moreover, the state court's decision was not an unreasonable determination of the facts. As the R&R recounts in detail the state court listed numerous legitimate strategic reasons why trial counsel decided not to call the expert. As the R&R recounts:

> The [state] court reviewed counsel's reasons for not calling Dr. Finkle as a witness and found those reasons justifiable. The court noted that Dr. Finkle was a chiropractor, and not a medical examiner or medical doctor. Dr. Finkle was a radiologist and attorney, but he had never been a coroner. The court found that his minimal qualifications to testify regarding the cause of death was a legitimate concern for counsel. The court also found counsel was justifiably concerned regarding Dr. Finkle's testimony because his theory

lacked any supporting evidence. [The state court found:]

> The main divergence between his opinions and the conclusions of the Medical Examiner is his theory that the only way to explain the victim's multiple broken ribs and the absence of any internal organ injuries was a substantial but low velocity impact in which force was exerted upon the victim from the front and the back. The only scenario that he could even suggest was the victim being pinned by a vehicle against the wall of the garage. The problem that trial counsel undoubtedly faced was that there was absolutely nothing to suggest that this actually happened. There was no evidence that the victim had left the house or had even gone into the garage. There was plentiful evidence that he was virtually confined to his bed. There was no evidence that anyone had come to the house while the Defendant was gone during the day of the victim's death.

(Doc. 12 at 14 (quoting in part Doc. 9-2 at 170) (internal citations omitted)).

Further the state court noted that Petitioner failed to demonstrate prejudice. (Doc. 12 at 15). This Court agrees with the R&R that the state court's determination under both prongs of *Strickland* was not contrary to, or an unreasonable application of, clearly established federal law. This Court also agrees with the R&R that the state court's determination of the facts was not unreasonable. Accordingly, relief on ground two is denied.

### 2.     Ground 3

In ground three Petitioner argues his trial counsel was ineffective for failing to DNA test various reddish-brown stains that were present throughout the home. (Doc.12 at 16). DNA tests were performed on Petitioner's shoes and on the victim's clothing; nonetheless Petitioner argues DNA tests of all the stains should have been performed. (Doc. 12 at 16-17). As the R&R quotes, the state court found:

> …[T]he fact remains that it is [Petitioner's] burden to show that he was prejudiced by the decision of his trial attorney. It is unknown whether DNA testing of the biological matter would have identified a third person as having been present in the hours under circumstances explaining why this biological matter would have been left behind. It is unknown whether there would have been an innocent reason for that third person's material to be present or for them to have been in the house. It is unknown whether the testing could identify a previously unknown person who could be tracked down and might confess to breaking into the house and beating the victim during an aborted burglary. It is unknown whether the biological material would have been identified as having been left exclusively by the victim or the Defendant,

>which would have been an investigatory dead end.
>
>Of course, the reason for these unknowns is that the specimens were never DNA tested. Whether they could still be tested is unclear. It is sheer conjecture and supposition to suggest that the results of any such testing could have been beneficial to the defense in this case. It seems highly unlikely to the Court under the factual circumstances of this case. The Court determines that the Defendant has failed to establish that trial counsel's failure to seek testing of the biological material prejudiced him in any manner. The Defendant is not entitled to post-conviction relief on the basis that trial counsel was ineffective for failing to seek testing of the stains found in the house.

(Doc. 12 at 17 (quoting Doc. 9-2 at 4)).

The R&R then concludes that the state court's decision that counsel was not ineffective under *Strickland* was not contrary to, or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (Doc. 12 at 18). Accordingly, the R&R recommends that relief on this claim be denied. (*Id.*).

Petitioner objects and posits what a DNA test of these stains would have shown. Specifically, Petitioner argues that the stains would have shown that they were blood of the decedent from previous days when the decedent has injured himself in the home and not stains from the day of the decedent's death. (Doc. 13 at 5). As with Petitioner's other objections in this case, there is no evidence that additional tests would have been consistent with Petitioner's current argument. Nonetheless, even assuming Petitioner's argument–that the untested stains were from prior injuries–is factually true, such argument would not make the state court's determination of the facts or application of the law unreasonable. Specifically, the state court hypothesized that further DNA testing might have revealed only DNA of the decedent and Petitioner and concluded that such a result would have been an investigatory dead end. Petitioner's argument in his objections fails to explain why this conclusion was incorrect.

Thus, this Court agrees with the R&R that the state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law nor was it an unreasonable determination of the facts. Accordingly, habeas relief on ground three is denied.

Of further note, Petitioner makes several other "statements" related to ground three, but offers no argument, factual support, or legal support for how these statements would bear on this case. For example, Petitioner states that the police reports in this case were unreliable because they were written three days after the incident and the photographs were staged. (Doc. 13, page 5 n.2). As indicated, Plaintiff offers no cite for either of these statements. Further, Petitioner offers no argument as to how these facts, if true, would bear on his ineffective assistance of counsel claim. Finally, Petitioner offers no argument or law as to how these facts, if true, would have prejudiced him (as required under *Strickland*) in view of the overwhelming other evidence against him. For all of these reasons, these additional "facts" do not provide a basis for habeas relief.

**IV.  Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is accepted and adopted; the objections (Doc. 13) are overruled. The Petition in this case is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the portions of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 29th day of March, 2021.

James A. Teilborg
Senior United States District Judge